CARY MANUF'G CO. v. DE HAVEN.

(Circuit Court, E. D. New York. December 7, 1893.)

1. PATENTS—INVENTION—ANTICIPATION—BOX STRAPS.
   The Cary patent, No. 403,178, for a box strap, composed of a metal band having a series of bosses of the same shape, raised in the band on each side, equidistant from each other, so that in splicing those on the under piece will fit into those on the upper piece, and strengthen the joint, shows invention, and was not anticipated.

2. SAME—PRELIMINARY INJUNCTION.
   A prior adjudication sustaining the patent is not an absolute prerequisite to granting a preliminary injunction; and while the right thereto should be clear, it may be made to appear otherwise than by a judgment or decree.

In Equity. Bill by the Cary Manufacturing Company against Hugh De Haven for infringement of a patent. On motion for preliminary injunction. Granted.

A. G. N. Vermilya, for plaintiff.
W. C. Hauff, for defendant.

WHEELER, District Judge. This suit is brought upon patent No. 403,178, dated May 14, 1889, and granted to Spencer C. Cary

for a box strap, composed of a metal band having a series of bosses of the same shape raised in the band on each side, equidistant from each other each way, so that, in splicing, those on the under piece will fit into those of the upper piece, and strengthen the joint; and has been heard on a motion for a preliminary injunction. The defendant admits making and selling box straps which clearly contain Cary's patented invention, although the bosses are shaped differently from those shown in the drawings, but brings forward patent No. 59,097, dated October 23, 1866, and granted to Henry C. Tweddle, for barrel hoops, with bosses to prevent them from slipping off; No. 171,882, dated January 4, 1876, and granted to Robert Stokes for a stud fastening for busks, having a head raised in the metal; No. 349,150, dated September 14, 1866, and granted to Ira S. Elkins, for a box strap having bosses with a depression in the center for the nail head; and No. 367,892, dated August 9, 1889, and granted to John K. Chase, for a box strap having single bosses fitting together to help make a joint; and various manufactures having raised bosses for various purposes, made before Cary's invention, against the validity of the plaintiff's patent.

While several of these things point in the direction of Cary's invention, none of them has his arrangement of a series of bosses in the metal equidistant from each other, so as to interlock whenever necessary in forming a joint; and his patent appears to have been acquiesced in by others engaged in that manufacture and trade until the defendant infringed.

The defendant insists, however, that a preliminary injunction should not be granted until the plaintiff's patent has been established by an adjudication. But this is not absolutely necessary; the right should be clear, but it may be made to appear so otherwise than by a judgment or decree. Blount v. Societe, etc., 3 C. C. A. 455, 53 Fed. 98. This invention is not great, but the right to it, such as it is, and the infringement, seem to be clear. An injunction will not deprive the defendant of anything else.

Motion granted.